Gough vs. Root.

---

GOUGH, Appellant, vs. ROOT, Respondent.

*November 9 — December 4, 1888.*

*Attorney and client: Compensation: Special contract: Court and jury.*

In an action by an attorney for a balance claimed to be due for several distinct services, the defendant alleged a contract whereby, for all of the services except one, the plaintiff was to receive nothing unless successful, and that he was unsuccessful. On the trial it appeared that such alleged contract could have related to but one of the services rendered. *Held,* that it was error to instruct the jury that it was for them to determine to what services the contract, if made, applied.

APPEAL from the Circuit Court for *Chippewa County.*

The plaintiff is an attorney at law, and brings this action to recover compensation for professional services rendered by him for the defendant under the following circumstances:

In 1872 the defendant commenced an action against one Phillips in the circuit court, and in 1873 recovered judgment therein. An execution on the judgment was issued in 1874, by virtue of which certain lands were sold by the sheriff and bid in by *Root* for the amount of the judgment. *Root* thereupon satisfied the judgment of record. In 1877 the sheriff conveyed such lands to *Root,* pursuant to the certificate issued to him on the execution sale. The land remained in the possession of Phillips; and *Root,* being unable to obtain possession thereof, employed the plaintiff in 1881 to obtain a writ of assistance to put him in possession of the land. The writ was duly issued; but before the same was executed Phillips commenced an action to set aside the sheriff's deed as to one lot thereby conveyed, for certain alleged irregularities, and also on the ground that the lot in controversy was his homestead. A preliminary injunction was issued in that action, restraining the execution of the writ of assistance. *Root* thereupon employed the plaintiff to defend the action, and the plaintiff did so. Phillips prevailed in the action, and judgment was rendered therein, setting aside and vacating the sheriff's deed as to such lot. The plaintiff thereupon prepared a bill of exceptions in the case, at the request of *Root,* and obtained a settlement thereof by the circuit judge. The defendant then retained the plaintiff to take an appeal from the judgment against him and to argue the same in this court. The parties made a special contract in writing fixing the compensation of the plaintiff for his services on such appeal. The contract is as follows: "It is hereby agreed, by and between *Franklin Root,* party of the first

part, and *Arthur Gough*, party of the second part, that the
first party hereby agrees to pay the party of the second
part $50 as fees for his services in taking an appeal to the
supreme court in the case of Jackson Phillips against
*Franklin Root;* said first party also to pay his own print-
ing, and the expenses of the second party to Madison in
case said first party desires the case to be orally argued."
The plaintiff took the appeal, and at *Root's* request argued
the cause in this court. The judgment of the circuit court
was affirmed. 68 Wis. 128. The defendant *Root* then
employed the plaintiff to procure the vacation of the satis-
faction of the original judgment in *Root v. Phillips*, and
to investigate the records in the register's office, to ascer-
tain whether Phillips had any real estate upon which he
might levy an *alias* execution issued on that judgment.
The plaintiff rendered these services. Subsequently, the
defendant and Phillips negotiated a settlement of the whole
matter in controversy between them, and Phillips paid *Root*
$500 in accordance with such settlement.

In his complaint the plaintiff admits the receipt of $110,
paid him by the defendant on account of the aforesaid serv-
ices, and claims a balance still due him of $135. The de-
fendant alleges, in his answer, that he has paid the plaintiff
$123.50 on account of such services. He also alleges that
all of the above services, except those connected with the
appeal to this court, were rendered under a special contract
between the parties to the effect that if the plaintiff did not
succeed in putting the defendant in possession of the lot in
controversy he should receive nothing for his services; and
that he failed so to get possession of the lot for defendant.
He also alleges that he has overpaid the plaintiff $70, in
excess of what he is legally bound to pay him for such
services.

The trial resulted in a verdict and judgment for the de-
fendant. A motion for a new trial was denied. The testi-

mony and the rulings of the court on the trial are sufficiently stated in the opinion. The plaintiff appeals from the judgment.

*Arthur Gough,* appellant, in person.

*John Randall,* for the respondent.

The following opinion was filed December 4, 1888:

LYON, J. The principal questions litigated on the trial were whether the alleged contract that the plaintiff should receive nothing for his services unless he succeeded in obtaining possession for the defendant of the land in controversy in the action of *Phillips v. Root,* was actually made; and, if so, how much of the services rendered by the plaintiff is covered by such contract.

The services for which the plaintiff claims compensation in this action may be classified as follows: (1) Obtaining the writ of assistance; (2) defending the case of *Phillips v. Root;* (3) settling a bill of exceptions therein; (4) appealing that case to this court, and arguing the appeal; (5) procuring the vacation of the satisfaction of judgment in *Root v. Phillips;* and (6) examining records to ascertain what property was held by *Phillips* out of which the judgment in the last case might be collected. The written contract, set forth in the above statement of facts, fixed the compensation for services rendered in the appeal to this court at $50 and expenses. Such expenses were proved to be a little over $30. The undisputed evidence shows that the services of the plaintiff in procuring the writ of assistance were not included in such alleged contract. The defendant so testified, and there is no proof to the contrary. Manifestly, the services in setting aside the satisfaction of judgment in *Root v. Phillips,* and in the examination of the records as aforesaid, were not included in the alleged contract, for the reason that those services were rendered after it was settled by the judgment of this court that the defendant had no

valid claim upon the land in controversy in *Phillips v. Root*, and, of course, had no reference to obtaining possession of that land for the defendant. Hence, the only services to which which that contract could relate were those rendered by the plaintiff in the action of *Phillips v. Root*, before it was appealed to this court. The testimony tends to show that the value of the plaintiff's services for which, in any view of the case, he is entitled to compensation, including his expenses on the appeal, exceeds the sum which the defendant claims to have paid the plaintiff on account of such services.

The circuit judge submitted to the jury the question as to whether the alleged contract was made, and, if made, to what services it applied, without any restriction or limitation whatever. Thus the jury were left free to find that such contract covered all the services of the plaintiff, except those rendered on the appeal. It is certain that the jury found the contract was entered into by the parties, and that it covered and included a portion, if not all, of the services for which, as we have already seen, the plaintiff is entitled to compensation, exclusive of those rendered on the appeal. Instead of instructing the jury, as he did, that it was for them to determine to what services the contract applied, the judge should have instructed them that it could only apply to services rendered in the action of *Phillips v. Root* before the appeal. For this error a new trial should have been granted. For these reasons, the judgment of the circuit court is reversed, and the cause will be remanded for a new trial.

*By the Court.*— Ordered accordingly.

The following opinion was filed February 19, 1889:

Lyon, J. The judgment of the circuit court herein was reversed December 4, 1888. On January 18, 1889, defend-

ant's attorney served on the plaintiff notice of a motion for February 1, for leave to move for a re-argument of the cause. It is founded upon the affidavit of the defendant and his attorney, in which they attempt to excuse their failure to move for such re-argument within the time limited therefor by the rules of this court. The attempt is a signal failure.

Rule XX gave the defendant until January 3 to file his motion, and ten days thereafter in which to serve his argument thereof. Both he and his attorney must have known that this court had reversed the judgment of the circuit court, very soon after December 4, and could have obtained a copy of the opinion or learned its contents in a very few days thereafter, and would have done so had they exercised reasonable diligence. The excuse is that there was diphtheria in defendant's family, and he and his attorney could not safely meet until too late to move for a re-argument. Defendant lived near the city of Chippewa Falls, and obtained his mail there, and it is sought by the affidavits to convey the idea to us that from December 4, 1888, for a period of more than thirty days thereafter, defendant was secluded at home and inaccessible to his attorney. It is proved that he was in that city several times during such thirty days, and hence the affidavits tend to convey a false impression.

Because of such unexcused laches, the motion is denied.

We take this opportunity to correct an error in the opinion herein to which our attention is called in the motion papers, but which does not affect the determination of the appeal. It is said in the opinion that the jury were left free to find that the contingent contract for services, alleged by defendant, covered all the services rendered by the plaintiff except those rendered on the appeal. This is an error. After instructing the jury as stated in the opinion, the court did say to them: "Still it could not go beyond

Gough vs. Root.

the subsequent written agreement; to that time it might go." The infirmity in the instruction, even thus qualified, is, that it left the jury free to find (as they undoubtedly did) that the contingent contract covered the services of plaintiff in suing out the writ of assistance, which services the plaintiff testified were worth $59, and the value thereof was not controverted. The defendant himself testified that such services were not included in the alleged contingent contract. Had this sum been allowed the plaintiff, the verdict would necessarily have been for him in some amount.

It should be further observed that, after stating the above limitation upon the alleged contingent contract and after charging the jury at considerable length on certain of plaintiff's charges for services, the court returned to the consideration of the scope and extent of such contract, and again charged without limitation, thus: "As I said, you will determine whether there was a verbal agreement between the parties, and, if so, what it was *and how far-reaching in its effects*." If not contradictory, the charge certainly had a tendency to mislead, and probably did mislead, the jury to the prejudice of the plaintiff. Hence the judgment was properly reversed for that reason, even though no positive error had been committed.

*By the Court.*— The motion is denied with $10 costs and clerk's fees.